IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  4:13-cr-101 |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| v. | ) | |
| | ) | |
| JOSHUA DEMERY, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the

United States of America, by its attorneys, Timothy Q. Purdon, United States Attorney for

the District of North Dakota, and Brandi Sasse Russell, Assistant United States Attorney,

the defendant, Joshua Demery, and his attorney, Heather Mitchell, hereby agree to the

following:

1.     The defendant acknowledges that the Indictment in the above-captioned

case charges a violation of Title 18, United States Code, Sections 1112, and 1153.

2.     The defendant has read the charge against him in the Indictment, and his

attorney has fully explained the charge to him.

3.     The defendant fully understands the nature and elements of the crime with

which he has been charged.

4.     The defendant will voluntarily plead guilty to the Indictment (Involuntary

Manslaughter).

5.    The parties agree that this Plea Agreement shall be filed and become a part of the Court record, and will be governed by Federal Rule of Criminal Procedure 11(c)(1)(B).   The parties specifically agree that Rule 11(c)(1)(C) does not apply.   If the United States makes the non-binding recommendations that it has agreed to make, as specified in this Plea Agreement, then the defendant acknowledges that this agreement will have been fulfilled and that he will have no right to withdraw his guilty plea if the Court does not follow those recommendations.

6.    The defendant will plead guilty because he is in fact guilty of the charges as contained in the Indictment.   In pleading guilty to the Indictment, the defendant acknowledges that:

> On or about October 12, 2012, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United States, the Defendant, an Indian, with wanton and reckless disregard for human life amounting to gross negligence, did kill Leah Nadeau, without malice, while engaged in an unlawful act and while acting without due caution and circumspection which he knew and reasonably should have known was a threat to human life, that is, driving and being in actual physical control of a motor vehicle while under the influence of intoxicating liquor and drugs, and without due care for the rights and safety of others.

Specifically, Defendant and victim were attempting to get her car started.   Defendant struck Leah Nadeau while she was standing in front of the motor vehicle and Defendant was behind the wheel.   When Defendant struck Leah Nadeau he was under the influence of intoxicating liquor and/or drugs.

Defendant acknowledges that he is an Indian for purposes of federal criminal jurisdiction; that this incident occurred in Indian country; that his conduct satisfies the elements of 18 U.S.C. Sections 1112 and 1153.

7.    The defendant understands that the count within the Indictment to which he will plead guilty carries the following maximum penalties:

Count One:

Imprisonment:        8 years
Fine:                $250,000
Supervised Release: 3 years
Special Assessment: $100

The defendant agrees that he will pay to the Clerk of United States District Court $100 in special assessments on or before the day of sentencing.

8.    The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)    The right to a speedy public jury trial with all of the rights pertaining thereto, as follows:

3

(i)      If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.   The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent and that it could not convict him unless, after hearing all of the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(ii)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(iii)    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross examine them.   In turn, the defendant could present witnesses and other evidence in his own behalf.   If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

4

       (iv)    At a trial the defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify.   If the defendant desired to do so, he could testify in his own behalf.

       (b)    The right to remain silent.   The judge will likely ask the defendant questions about his criminal conduct to ensure that there is a factual basis for his plea.

    9.    The defendant understands that by pleading guilty he is giving up all of the rights set forth in the prior paragraph and that there will be no trial.   The defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

    10.    The parties acknowledge that the court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act.   In doing so, the court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual (Nov. 2012)(USSG).   Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

11.     This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota.   This agreement does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor.   They remain free to prosecute the defendant for any offenses under their jurisdictions.   This Plea Agreement also does not bar or compromise any civil or administrative claim pending or that may be made against the defendant.

12.     The defendant understands that the United States Attorney reserves the right to notify any state or federal agency by whom the defendant is licensed, or with whom he does business, of the defendant's conviction.

13.     The parties agree that the base offense level under the Sentencing Guidelines for the defendant's conduct to be 22.   (USSG § 2A1.4(a)(2)(B)

14.     The parties agree that they expect the following upward adjustments may be applicable in this case:   None.

15.     The parties agree that they expect following downward adjustments may be applicable in this case:   none except acceptance reduction as noted below.

16.     The United States agrees to recommend at sentencing a 2-level downward adjustment for acceptance of responsibility, provided that the defendant has demonstrated a genuine acceptance of responsibility for his actions.   (USSG 3E1.1(a))   If the total offense level is 16 or greater, the United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of his intention to

enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b))

17.     Both parties acknowledge that neither the Probation Office nor the Court are bound by the agreement of the parties as to the Sentencing Guidelines, and that the Court may impose a sentence anywhere within the applicable Sentencing Guideline range, and that the Court may depart upward or downward from that range if the Court, on the record, indicates what factors exist that were not contemplated by the Sentencing Guidelines Commission which justify the upward or downward departure. Both parties reserve the right to object to any departure from the applicable Sentencing Guideline range proposed by the Court on its own motion.

There may be other upward or downward adjustments applicable in this case that are not listed in this Plea Agreement. If there are other upward or downward adjustments contained within the pre-sentence investigation report's Sentencing Guideline calculations that are not listed within this Plea Agreement, the parties will be permitted to advocate for or against application of those adjustments at their discretion. Inclusion of any upward or downward adjustment not contained within this Plea Agreement in the Sentencing Court's determination of the Sentencing Guideline range at the sentencing hearing does not entitle the Defendant a right to appeal beyond that provided within the paragraph identified as "Appeal Waiver" below.

18.     At the time of sentencing, the United States will:

(a)     recommend a sentence of imprisonment within the Guideline sentencing range calculated by the sentencing court at the sentencing hearing;

(b)     recommend the Defendant be ordered to serve a 3 year term of supervised release;

(c)     recommend the defendant be ordered to pay $100 in special assessments; and

(d)     recommend restitution for the victims' losses.

19.     The Defendant may recommend any sentence, including any departure or variance from the advisory Guideline sentencing range that he believes is appropriate.

20.     The defendant acknowledges and understands that if he:

(a)     violates any term of this Plea Agreement,

(b)     engages in any further criminal activity regardless of jurisdiction, severity or whether a conviction results from the charges,

(c)     violates any term of pre-trial release regardless of whether a petition is filed or of the ultimate disposition of any petition that is filed,

(d)     has, after being charged with the offense(s) in this case, provided false information to any federal, state or local law enforcement officer or any state or federal probation/pre-trial services officer, including any statements made in any proffer interview(s) in

connection with this case, either prior to entry into this plea

agreement or at any time after entry into this plea agreement,

(e)     engages in any form of obstruction of justice, or

(f)     fails to appear for the change of plea hearing, sentencing hearing, or

any other hearing in this matter,

this Plea Agreement shall become null and void, in whole or in part, at the discretion of

the United States, and the defendant will face the following consequences:   (1) all

testimony and other information he has provided at any time to attorneys, employees, or

law enforcement officers of the government, to the Court, or to the federal grand jury,

may and will be used against him in any prosecution or proceeding; (2) the United States

will be entitled to reinstate previously dismissed charges and/or pursue additional charges

against the defendant and to use any information obtained directly or indirectly from the

defendant in those additional prosecutions; and (3) the United States will be released from

any obligations, agreements, or restrictions imposed upon it under this Plea Agreement,

including but not limited to its agreement to recommend a certain sentence in the case.

21.     The defendant acknowledges that he has read each of the provisions of this

entire Plea Agreement, with the assistance of counsel, and understands its provisions.

The defendant and his attorney have discussed the case and the defendant's Constitutional

and other rights, including, but not limited to, defendant's plea-statement rights under

Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

22.     If the defendant should fail in any way to abide by the terms of this Plea Agreement, the United States will be released from its commitments and this agreement will be null and void, in whole or in part, at the discretion of the United States.   Nothing in this agreement will prevent the United States from prosecuting the defendant for perjury, false statement, or false declaration if the defendant commits such acts in connection with this agreement or otherwise.

23.     The defendant acknowledges the provisions of Title 18, United States Code, Section 3663A, that require the Court to issue an order of restitution, and agrees to accept responsibility for paying such amount under such terms as may be ordered by the Court. The defendant acknowledges and agrees that the Court will order him to make restitution for all loss caused by his conduct, regardless of whether a count or counts of the Indictment will be dismissed as part of this Plea Agreement.

The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

24.     The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

10

25.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this agreement and is free to impose the maximum penalties provided by law.

26.     <u>Appeal Waiver</u>:   Defendant waives his right to appeal his conviction and the Court's entry of judgment against him, including an appeal of any motions, defenses, probable cause determinations, and objections which he has asserted in this case.   The defendant also waives any right to appeal his sentence under 18 U.S.C. § 3742(a) as recognized and permitted by <u>United States v. Andis</u>, 333 F.3d 886 (8th Cir. 2003). Expressly excluded from this waiver of appeal is the following:   (1) the defendant's right to appeal any sentence imposed which is greater than the upper limit of the sentencing guideline range determined by the sentencing court at the sentencing hearing.

The defendant agrees to waive any right to contest his conviction and sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255 with the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 U.S.C. § 2255, ¶6(3) premised on a right newly recognized by the United States Supreme Court.

27.     The defendant understands that neither the agreements as to the Sentencing Guidelines nor the recommendations concerning the sentence made by the parties are binding on the Court or the Probation and Pretrial Services Office.   The defendant further understands that refusal by the Court to accept any or all such agreements or recommendations does not give the defendant a right to withdraw his guilty plea.

11

28.     The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.   Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this plea agreement.

29.     The undersigned Assistant United States Attorney and attorney for the defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure.   The undersigned attorneys acknowledge their obligation to attempt, using good-faith efforts, to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference and other informal procedures.

AGREED:

TIMOTHY Q. PURDON
United States Attorney

Dated: 10-25-13     By: _____
Brandi Sasse Russell
Assistant United States Attorney

Dated: 10/23/13     _____
Joshua Demery
Defendant

Dated: 10/23/13     _____
Heather Mitchell
Attorney for Defendant

13